[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15777

_____

Agency Nos. A96-087-513
A96-087-514

PATRICIA MOSQUERA,
FERNANDO VARGAS,
JUAN FERNANDO VARGAS,
JUAN DAVID VARGAS,
JOSE ALEJANDRA VARGAS,
MARIA ALEJANDRA VARGAS,

                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 4, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

Patricia Mosquera, her husband Fernando Vargas, and four of their children petition this Court for review of the Immigration Judge's and Board of Immigration Appeals' denial of asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

Mosquera, Vargas, and their children are citizens of Colombia. Mosquera filed an application for asylum and withholding of removal on behalf of herself, Vargas, and her children on September 10, 2002 and the government initiated removal proceedings on November 27, 2002. Before the Immigration Judge ("IJ"), Mosquera conceded removability, but argued that she and her family were entitled to asylum, withholding of removal, and protection under CAT. The IJ denied Mosquera's application for asylum for failure to file within one year of arriving in the United States and failure to show extraordinary circumstances to excuse the delay. 8 U.S.C. §1158(a)(2)(B). Mosquera appealed to the Board of Immigration Appeals ("BIA"), which adopted and affirmed the order of the IJ. Mosquera then petitioned this Court for review of the decisions of the IJ and BIA.

Initially, we affirm the denial of her application for asylum. An alien may not apply for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)." 8 U.S.C. § 1158(a)(2)(D). The IJ and BIA found that Mosquera filed her application after the one year period had lapsed and there were no "exceptional circumstances or change[s] in country conditions which would excuse the late filing." Thus, this Court lacks jurisdiction to review these findings. 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); see Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (holding that "section 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.") (citation omitted).

We must also affirm the denial of her withholding of removal claim.[1] In denying Mosquera's claim, the IJ found that Mosquera and her family's actions were not "consistent with those actions of individuals who are genuinely fearing persecution and fleeing for their lives." The IJ also found that she did not provide "any documentation which the Court found to be credible with respect to the specific acts of persecution that she is claiming" and that her "claims were not plausible." The BIA affirmed the opinion, agreeing that "the respondents have failed to carry their burden of proof with respect to establishing that it would be more likely than not that they would be persecuted on account of a protected ground or tortured upon return to Colombia."

In reviewing evidence, the IJ must make "clean determinations of credibility," Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (citation omitted), and must offer specific, cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citation omitted). A credibility determination, like any fact finding, "may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (citation omitted).

---

[1] The Government argues that Mosquera waived her argument regarding withholding of removal because she did not raise it on appeal. A review of her appellate brief reveals that Mosquera, although briefing this claim jointly with her asylum claim, expressly requests that this Court grant her withholding of removal. Therefore, Mosquera has not waived this claim on appeal.

In this case, the IJ's conclusion that Mosquera was not credible when she claimed that she suffered past physical harm or torture in Colombia is supported by substantial evidence. The IJ enumerated specific cogent reasons when it found Mosquera's testimony to be lacking in credibility.[2]

**PETITION DENIED.**

---

[2] Mosquera also claims that she and her family are entitled to relief under the Convention Against Torture. The Government argues that this Court does not have jurisdiction to review Mosquera's CAT claim because she failed to exhaust her administrative remedies by raising her CAT claim to the BIA. However, Mosquera's brief expressly requests the BIA to grant relief under CAT, and the BIA affirmed the IJ's denial of her claim under CAT. Therefore, this Court has jurisdiction to review it. Cadet v. Bulger, 377 F.3d 1173, 1181 (11th Cir. 2004). Here, as with the holding of removal claim, the IJ found Mosquera's testimony to be lacking in credibility and found that she had not demonstrated a likelihood that she would be tortured upon return to her country. Because the standard is similar to the standard to grant withholding of removal, this Court must also deny Mosquera's claim under the Convention Against Torture.